IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GUILLERMO E. PENA, | ) | 4:10CV3198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SHELLY SCHWEITZER, and CITY | ) | |
| OF GRAND ISLAND POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Guillermo E. Pena, filed his Complaint in this matter on October 7, 2010, (filing No. 1.) and has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

I. **SUMMARY OF COMPLAINT**

Mr. Pena filed his complaint on October 7, 2010, against the City of Grand Island Police Department ("GIPD") and Shelly Schweitzer, a private individual. (Filing No. 1 at CM/ECF p. 1.) Shelly Schweitzer is Mr. Pena's neighbor. (*Id.*)

Condensed and summarized, Mr. Pena alleges that he obtained a protection order against Shelly Schweitzer on September 29, 2010, in Hall County, Nebraska, District Court. (*Id.* at CM/ECF pp. 2, 7-8.) Mr. Pena obtained this protection order by alleging that Ms. Schweitzer came out of her house and "grabbed her breast," and said to Mr. Pena, "oh that's right you don't like women," and called him a "faggot" on several occasions. (*Id.* at CM/ECF pp. 8-9.) Mr. Pena further alleges that Ms. Schweitzer violated the protection order two times, including

videotaping him and yelling at him. Mr. Pena reported these incidents to the GIPD but they "refuse[] to help [him] to get this harassment to stop." (*Id.* at CM/ECF p. 2.) Mr. Pena requests that the court order the City of Grand Island to prosecute Shelly Schweitzer for her behavior and "sanction" the GIPD "for not protecting" his rights. (*Id.* at CM/ECF p. 5.)

## II.　APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

### III. DISCUSSION OF CLAIMS

Mr. Pena seeks relief against the GIPD, a governmental entity, and Shelly Schweitzer, a private individual. As set forth below, Mr. Pena has failed to state a claim against either Shelly Schweitzer or the Grand Island Police Department. However, the court will permit Mr. Pena one opportunity to amend his Complaint.

#### *A. Claims Against the GIPD*

The court liberally construes the claims against the GIPD as claims against the City of Grand Island, Nebraska. A city may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

The court has carefully reviewed the Complaint. Here, Mr. Pena does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Grand Island or its employees, or that the City of Grand Island's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Mr. Pena does not allege that he has been injured, or that an unconstitutional custom was the moving force behind his injuries. Accordingly, Mr. Pena has failed to allege sufficient facts to "nudge" his claims against the City of Grand Island across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Mr. Pena 30 days in which to amend his complaint to sufficiently allege a claim against the City of Grand Island in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Mr. Pena's prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Mr. Pena fails to file an amended complaint in accordance with this Memorandum and Order, Mr. Pena's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B.  *Claims Against Shelly Schweitzer*

Regarding his claims against Shelly Schweitzer, Mr. Pena alleges only that her actions, as summarized above, violated his civil rights. (Filing No. 1 at CM/ECF p. 4.) The court liberally construes this claim as brought pursuant to 42 U.S.C. § 1983. To obtain relief under either 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the

United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

However, the acts of a private party may be "fairly attributable" to the state in certain circumstances when the private party acts in concert with state actors. *Id.* at 838 n. 6. Although a private person who is a willful participant in joint action with a state actor may act under color of state law, there must at least be a shared purpose to deprive the plaintiff of a constitutional right, namely, "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451-52 (8th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994). *Accord Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997).

As with his claims against the City of Grand Island, Mr. Pena has failed to state a claim for a violation of his civil rights against Shelly Schweitzer. In particular, Mr. Pena failed to allege a violation of any specific civil right, or that Ms. Schweitzer, as a private party, acted under color of state law or that she acted

5

in concert with the GIPD in any way which violated Mr. Pena's civil rights.  At best, Mr. Pena alleges claims arising under state law.  Again, on its own motion, the court will permit Mr. Pena 30 days in which to amend his Complaint to sufficiently allege a claim against Ms. Schweitzer.  Any amended complaint shall restate the allegations of Mr.Pena's prior Complaint (filing no. 1) and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Mr. Pena fails to file an amended complaint in accordance with this Memorandum and Order, Mr.Pena's complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Mr. Pena shall have until **December 30, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against Shelly Schweitzer and the Grand Island Police Department.  If Mr. Pena fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Mr. Pena files an amended complaint, he shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **December 30, 2010**, and dismiss if none filed.

     4.    Mr. Pena shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated December 6, 2010.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.