IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GUILLERMO E. PENA, | ) | 4:10CV3198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SHELLY SCHWEITZER, and CITY | ) | |
| OF GRAND ISLAND POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On December 6, 2010, this court conducted an initial review of Guillermo E. Pena's Complaint, finding that it failed to state a claim upon which relief may be granted as to all defendants. (Filing No. 6 at CM/ECF p. 6.)

    In particular, the court determined that, with respect to Defendant Grand Island Police Department, Pena failed to "allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Grand Island or its employees, or that the City of Grand Island's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct." (*Id.* at CM/ECF p. 4.) The court also found that Pena failed to "allege that he has been injured, or that an unconstitutional custom was the moving force behind his injuries." (*Id.*) Regarding Defendant Shelly Schweitzer, the court determined that Pena "failed to allege a violation of any specific civil right, or that Ms. Schweitzer, as a private party, acted under color of state law or that she acted in concert with the GIPD in any way which violated Pena's civil rights." (*Id.* at CM/ECF p. 5.) The court granted Pena until December 30, 2010, to file an amended complaint to adequately allege claims against the defendants. (*Id.* at CM/ECF pp. 6.)

On December 13, 2010, Pena filed his Amended Complaint. (Filing No. 7.) However, even liberally construed, Pena's Amended Complaint suffers from the same defects as his original complaint. Indeed, except for the addition of a few paragraphs providing more detail surrounding his original claims, the allegations of the Amended Complaint are identical to those in the Complaint. As such, Pena has not set forth enough factual allegations to "nudge[] [his] claims across the line from conceivable to plausible," and his claims "must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For these reasons, and for the reasons set forth in the court's December 6, 2010, Memorandum and Order, Pena's Amended Complaint fails to state a claim upon which relief may be granted and is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(ii), Pena's Amended Complaint is dismissed without prejudice because it fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated March 14, 2011.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge